**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-11-2217-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Mike Nunez, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendant's Motion to Suppress. Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 28) on the Defendants' Motion to Suppress. The Magistrate Judge recommends to the Court that the Motion to Suppress may be denied. The Defendant filed Objections (Doc. 29) to this Recommendation and the Government filed a Response. (Doc. 33.)

**FACTUAL BACKGROUND**

The factual background, based on the evidentiary hearing, is adopted by the Court, as follows:

> On May 25, 2011 at approximately 7:40 p.m., Tohono O'odham Police Department (TOPD) Detective Denver Calabaza was patrolling the Village of Sells with Detective Antone, and observed two sedans unknown to him traveling in tandem at a high rate of speed through the intersection of Bobcat

Circle and Quail Road. Detective Calabaza did not observe the gender of the driver of the second sedan as it passed him at this intersection. Detective Calabaza followed both sedans, and after the first sedan turned off the main road onto a dirt road, Detective Calabaza did not follow that vehicle, but was able to obtain the driver's license of the second vehicle they were following.

Detective Antone called dispatch to run the license plate, and determined that the registered owner of the vehicle, Stephanie Viegas, had a TO Nation warrant for her arrest. Based upon this information Detective Calabaza initiated a traffic stop on the second sedan at 7:48 p.m. The driver of the car was a male Hispanic, later identified as Defendant Mike Nunez. Detective Calabaza testified that he was not aware the driver was a male until he stopped the vehicle and shined a light on the driver. Nunez provided a driver's license, registration and proof of insurance to Detective Calabaza, who handed the driver's license to Detective Antone. Detective Antone radioed dispatch and informed Detective Calabaza that Nunez had a suspended license and warrants out of Pima County. Based upon that information, Detective Calabaza proceeded to arrest Nunez and place him in custody.

While Nunez was still in the vehicle Detective Calabaza asked him where he was coming from and who the registered owner of the sedan was. Nunez responded with a male=s first name which was unknown to the detective, and a residence in Sells. Detective Calabaza requested consent to search the vehicle. Nunez did not consent.

Detective Antone called dispatch and requested two things: a cage patrol unit and a canine unit. The cage patrol unit was requested because the detectives were

2

traveling in an unmarked vehicle that did not have a barrier between the driver's seat and the back seat. The detectives placed Nunez by their vehicle awaiting the arrival of the patrol unit. TOPD Officer Liston arrived with the patrol unit at approximately 8:06 p.m., at time the detectives walked Nunez, already handcuffed and out of his vehicle, and handed him to Officer Liston.

A United States Border Patrol canine unit arrived approximately two minutes after Officer Liston arrived. The detectives met with the border patrol agent, discussed the traffic stop, the detective's discussions with the driver, his actions, and the detective's suspicions, and requested that the Border Patrol agent have his canine perform a dog sniff. The dog sniff took approximately five minutes, and the detectives were informed that the dog alerted to two areas. Based on the alerts, the detectives visually searched the car more thoroughly, and opened up the trunk of the sedan. The trunk contained four large bundles of marijuana packaged in contact paper.

(R&R 1-2.)

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

Defendant first argues that there was insufficient basis for an investigatory stop. "Magistrate Judge Bernardo P. Velasco recommends the denial of Mr. Nunez motion to suppress because Detective Denver Calabaza had legitimate reason to stop the vehicle due to a arrest warrant for the owner of the vehicle and that once the vehicle was properly stopped the

detention of Mr. Nunez was not unreasonably delayed for the subsequent search that occurred after a drug sniffing dog alerted to the presence of drugs in the vehicle." (Objection at 2.) Pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), the propriety of a traffic stop is analyzed on two fronts. First, whether the police officer's action was justified at its inception. Second, whether the police officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop. Defendant concedes that "[w]ith regard to *Terry* 's first prong, the traffic stop in this case, at its inception, may have been justified." (Objection at 3 ¶ 22-25.) Defendant goes on to argue that under *Terry*'s second prong, the seizure must be limited both in scope and duration. Here Defendant asserts that the detective unreasonably delayed the purpose of the stop.

The Magistrate Judge heard this argument and correctly rejected it both factually and legally, stating:

> [T]he duration of the stop in this case was entirely justified by the outstanding warrant on the registered owner of the car and the ordinary inquiries incident to such a stop...Though the Court does not know the exact amount of time it took to investigate Defendant's outstanding warrants, the sequence of events as conveyed by Detective Calabaza indicate the inquiry did not measurably extend the duration of the stop. In fact, the patrol car arrived to transport Defendant approximately 18 minutes after Detective Calabaza made the initial decision to stop Defendant. Thus, because the inquiries did not measurable extend the duration of the stop, this was not an unlawful seizure. Defendant argued in his memorandum that "it is apparent that the reason he was put in the patrol car under arrest was because he refused to consent to a search of the vehicle...The facts elicited at the evidentiary hearing do not support this contention. It is clear that the decision was made by Detective Calabaza to arrest the Defendant because he had two outstanding warrants and was driving on a suspended license.

(R&R 5.)

Defendant goes on to argue that the dog sniff and subsequent search was unlawful based on *Arizona v. Gant*, 556 U.S. 332 (2009). The Magistrate Judge rejected this argument as well, finding *Arizona v. Gant* not controlling in this case. Because Defendant was lawfully arrested, the time required to obtain the narcotics-detection dog is not at issue. In any event, from the time the Detectives determined to make a traffic stop, to the time the narcotics-detection dog arrived, was 20 minutes. The Magistrate Judge found no unconstitutional delay, as does this Court. Here, the vehicle was searched because a drug detection canine alerted to the presence of illegal narcotics in the vehicle. Defendant's vehicle was searched pursuant to the automobile exception to the warrant requirement. *United States v. Hatley*, 15 F.3d 856, 858 (1994). The detectives only searched the trunk after the dog alerted to the trunk area and the dog's alert is sufficiently reliable to give the detectives probable cause to search the trunk of the Defendant's car. The Defendant was lawfully arrested and, therefore, the detectives did not impermissibly lengthen the initial traffic stop of the Defendant.

**CONCLUSION**

Judge Velasco issued the Report and Recommendation after conducting an evidentiary hearing on the motion to suppress. The Defendant adds no new facts or law that was not already presented to Judge Velasco in the briefs and during the hearing. The Magistrate Judge's findings of both fact and law are correct and the Defendant's Fourth Amendment rights were not violated. The Defendant was lawfully arrested and based upon the narcotic detection dog's alert, officers had probable cause to search the trunk of the Defendant's car. Judge Velasco was correct in finding that Defendant's reliance on *Arizona v. Gant* was, and is, misplaced.

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 28) in its entirety as its findings of fact and conclusions of law in this matter. The Objections (Doc. 29) raised by the Defendant are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Suppress (Doc. 15) is **DENIED**. A jury trial is set for March 27, 2012 at 9:30 a.m.

DATED this 6th day of February, 2012.

David C. Bury
United States District Judge